**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4105**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CRAIG F. BRYANT,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:09-cr-00578-HMH-4)

Submitted:  October 4, 2010            Decided:  October 15, 2010

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH,
JR., Florence, South Carolina, for Appellant. Kevin F. McDonald,
Acting United States Attorney, William J. Watkins, Jr.,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig F. Bryant appeals his fifty-seven month total sentence imposed following his guilty plea to conspiracy to utter counterfeit checks, possession and intent to use false identification documents or identification documents of another, and possession without authority of the means of identification of another person. On appeal, he contends that the district court failed to adequately explain the basis for his sentence and therefore that his sentence is unreasonable.[*] For the reasons that follow, we affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for reasonableness, considering both the procedural and substantive reasonableness of a sentence. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. We then determine

---

[*] Bryant also challenged the enforceability of his waiver of his right to appeal. Because the Government concedes that the appeal waiver is not enforceable under United States v. Manigan, 592 F.3d 621 (4th Cir. 2010), we will not enforce the waiver.

whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "The district court 'must make an individualized assessment[,]' apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. at 50 (2007)).

Additionally, a district judge must express in open court the reasons behind his chosen sentence, "'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

Here, it is clear that Bryant's sentence is procedurally reasonable. The district court properly calculated his guidelines range at 27 to 33 months on the first two

3

offenses and a mandatory consecutive 24 months on the third offense. The court also addressed the § 3553(a) factors, expressly questioning Bryant about his employment history. The court then found that a within-guideline sentence was appropriate and sentenced Bryant to 57 months' total imprisonment on the three offenses. We hold that this sentence is procedurally reasonable. See Rita, 551 U.S. at 359 (holding that district court's determination that sentence was "appropriate" was sufficient to satisfy the requirement of an individualized sentence). As the Rita Court explained, "We acknowledge that the judge might have said more. . . . Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." Id.

Bryant's sentence was within the guidelines range, and therefore presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). Accordingly, we affirm Bryant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4